UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | DECISION AND ORDER |
| JANCARLOS GONZALEZ-RIVERA a/k/a/ "LOS," et. al. | 20-CR-6101-EAW-MJP |
| Defendants. | |
| UNITED STATES OF AMERICA | |
| v. | 21-CR-6042-EAW-MJP |
| EARNEST BAKER a/k/a "SLAY," | |
| Defendant. | |

**PEDERSEN, M.J.** On August 4, 2021, the Court issued a text order in both 21-CR-6042 and 20-CR-6101 stating that all responses to the government's Motion to Extend Time to Analyze Cellular Phones (ECF No. 321), were to be filed by close of business on August 10, 2021. The Court has taken all responses under advisement, and for the reasons stated below, the Court grants the government's Motion to Extend Time to Analyze Cellular Phones (ECF No. 321)[1].

## BACKGROUND

On April 28, 2020, the government applied for search warrants for 23 locations in the Rochester area, which the Court issued. (Gov't's Search Warrant List, ECF No 321-2.) The search warrants authorized the seizure of "Cellular (mobile) telephones, smart phones, blackberries, PDAs, other wireless communication instruments and

---

[1] Docket references are to case no. 20-CR-6101.

handheld electronic information storage media, and associated charging devices and computers." (*Id.*)

During the execution of these search warrants, several cellular phones were seized from the various locations as authorized by the warrants. These cell phones have not yet been analyzed. Rule 41(e)(2)(B) provides that:

> Warrant Seeking Electronically Stored Information. A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

A second wave of arrest warrants and search warrants was executed in this investigation in June, 2020, during which additional cell phones were seized pursuant to those search warrants. Altogether, a total of approximately 108 digital devices were seized pursuant to search warrants issued by this Court.

During this period, the DEA Digital Evidence Laboratories in Lorton, Virginia, and in New York, advised they would be unable to forensically examine all of the devices seized in this investigation during the 60-day period specified in the warrants. As a result, the government has requested an extension of time to forensically analyze some of those cell phones seized.

The Court issued a text motion scheduling order, ECF No. 528, which stated:

> TEXT ORDER as to All Defendants: With regards to the government's MOTION to Extend Time to Analyze Cellular Phones (ECF No. 321) filed in 21-CR-6101 on February 7, 2021, the Court has advised all defendants as well as separate defendant Earnest Baker, 21-CR-6042, that it would take motions regarding this issue under advisement by a date certain. Currently the Court has taken under advisement Archie Donaldson's response (ECF No. 322), Lateef Budd's response and

> adjournment request (ECF Nos. 323, 333), Earnest Baker's response (ECF No. 328), Shaumyk Santiago's response (ECF No. 472) and Jancarlos Gonzalez-Rivera's response (ECF No. 473). All parties have until close of business on August 10, 2021 to submit any remaining documents regarding this issue. SO ORDERED. Signed by Hon. Mark W. Pedersen on 8/4/2021.(JB) (Entered: 08/04/2021)

(Court's Mot. Scheduling Text Order, ECF No. 528.)

*Court Order Deadline*

Defendants raise several issues regarding the government's request for an extension. First, Defendants state the federal search warrant authorizing the search of the subject residences contained an addendum requiring that the search of computer or electronic media "shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court." (Addendum to Search Warrant, Search of Computers ¶ 1, ECF No. 321-2.) The search warrant stated that "in conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself." (*Id.* ¶ 2.) Further, the search warrant specified that "[s]hould the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic media to the owner." (*Id.* ¶ 3.)

Here, because the addendum to the search warrant setting the 60-day limit provides the method for its own extension, the Court determines that Rule 45(b) of the Federal Rules of Criminal Procedure does not apply. Much like how a Rule 16 scheduling order overrides Rule 6 in the Federal Rules of Civil Procedure, the Court-

3

issued Search Warrant contains specific language on the issue of extension: "shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court." (Addendum to Search Warrant, Search of Computers ¶ 1.) As there is no explicit time frame allotted for the good cause to be demonstrated, the Government's post-sixty-day extension is not automatically precluded.[2]

Additionally, Defendants rely on the off-site review provision of Rule 41(e)(2)(B), which the government also relies upon in support of its request for an extension to examine the seized electronic devices. The Rule provides that "[u]nless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant." Fed. R. Crim. P. 41(e)(2)(B). Here, the search warrant specified otherwise because it specifically stated that the examinations of the electronic devices seized pursuant to the warrant "shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court." Second, the government did not perform any on-site copying of any media or information on the date that the search warrants were executed, nor has the government since conducted any off-site copying or review of the electronic devices.

When operating under Rule 41(e)(2)(B), "the Fourth Amendment requires the government to complete its review . . . within a 'reasonable' period of time." *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012); *United States v. Alston*,

---

[2]The delay in making this request was preventable and, in the future, should be made closer in time to the 60-day limitation period.

No. 15 Cr. 435 (CM), 2016 WL 2609521, at *3 (S.D.N.Y. Apr. 29, 2016). In *Metter*, the court granted a motion to suppress electronic evidence that was seized and imaged pursuant to a premises search warrant where the government retained the evidence for fifteen months without reviewing or analyzing it. *Metter,* 860 F. Supp. 2d at 215. The *Metter* court stated:

> The parties have not provided the Court with any authority, nor has the Court found any, indicating that the government may seize and image electronic data and then retain that data with no plans whatsoever to begin review of that data to determine whether any irrelevant, personal information was improperly seized. The government's blatant disregard for its responsibility in this case is unacceptable and unreasonable.

*Id.*; s*ee also United States v. Debbi*, 244 F. Supp. 2d 235, 237–38 (S.D.N.Y. 2003) (finding a Fourth Amendment violation in the search, seizure, and retention of seven boxes of documents from the defendant's home, which included "personal and religious files, general correspondence, [and] family financial records," when "no meaningful attempt" was made to separate and retain only the items the warrant permitted to be seized).

The *Alston* court cited to the advisory comments for Fed. R. Crim. P. 41(e)(2)(B):

> The 2009 Advisory Committee Notes explain the reasoning behind provision (e)(2)(B):
>
> Computers and other electronic storage media common contain such large amounts of information that it is impractical for law enforcement to review all of the information during execution of the warrant at the search location. *This rule acknowledges the need for a two-step process: officers may seize or copy the entire storage medium and review it later to determine what electronically stored information falls within the scope of the warrant.*
>
> ...

5

> In addition to addressing the two-step process inherent in searches for electronically stored information, the Rule limits the 10[14] ... day execution period to the actual execution of the warrant and the on-site activity. *While consideration was given to a presumptive national or uniform time period within which any subsequent off-site copying or review of the media or electronically stored information would take place, the practical reality is that there is no basis for a "one size fits all" presumptive period. A substantial amount of time can be involved in the forensic imaging and review of information. This is due to the sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of the computer labs.*
>
> Fed.R.Crim.P. 42(e)(2)(B), 2009 Advisory Committee Notes (emphasis added).

*United States v. Alston*, 2016 WL 2609521, at *3.

Here, the government has had the electronic devices in its possession for approximately nine months (9 months, 1 week, and 1 day) measuring from the date of seizure (April 30, 2020) to the date it filed the motion for an extension (February 7, 2021). The 60-day period expired on June 29, 2020. The government's motion was filed 7 months, 1 week, and 1 day later.

Defendants claim that the government did not commence, much less complete, its search within a reasonable time, and thus failed to comply with the dictates of Rule 41's "off-site copying" provision. (Gonzales-Rivera Resp. in Opp. to Gov't's Mot. at 7, ECF No 335.) What differentiates the case at hand from *Metter* and *Debbi*, is that the government has taken some steps to begin review of this voluminous amount of data. The government has reduced the number of devices to search from approximately 108 to 26. Further, the labs being understaffed because of the COVID-19 pandemic has exacerbated the situation by requiring additional time for the extraction of data from the electronic devices. In sum, the government has not blatantly disregarded its responsibility as happened in *Debbi* and *Metter*.

The Court finds that the government's Motion to Extend Time to Analyze Cellular Phones (ECF No. 321) was proper because the government has not blatantly disregarded its responsibilities in the case. The period encompassed between the expiration of the 60-days restriction and the date the government sought an extension is reasonable. Therefore, the Court grants the government's Motion to Extend Time to Analyze Cellular Phones (ECF No. 321).

SO ORDERED.

DATED: September 14, 2021
Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge