UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                        **DECISION AND ORDER**

EARNEST BAKER, *a/k/a Slay*,                              6:21-CR-06042 EAW

Defendant.

I.      **INTRODUCTION**

Defendant Earnest Baker ("Defendant") is charged by way of an indictment returned

on March 25, 2021, with a narcotics conspiracy in violation of 21 U.S.C. § 846, distribution

of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2,

distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), possession of

fentanyl with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18

U.S.C. § 2, possession of cocaine with intent to distribute in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2, and possession of a firearm in furtherance of

drug trafficking crimes in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.

Currently pending before the Court is Defendant's appeal (Dkt. 27) of a Decision

and Order issued on September 15, 2021, by United States Magistrate Judge Mark W.

Pedersen (Dkt. 24) (the "September Decision"), to whom this Court referred all pretrial

matters pursuant to 28 U.S.C. § 636(b)(1)(A)-(B) (Dkt. 3), with respect to the government's

motion for an extension of time to analyze cellular phones.[1]  For the reasons discussed

below, the Court affirms the September Decision and denies Defendant's appeal.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

The factual background relevant to the instant appeal is set forth in the September

Decision, familiarity with which is assumed.  The Court briefly summarizes the salient

facts below.

On April 28, 2020, the government applied for search warrants for 23 locations in

the Rochester, New York area. (Dkt. 24 at 1).  Judge Pedersen issued these search warrants,

which authorized the seizure of "[c]ellular (mobile) telephones, smart phones, blackberries,

PDAs, other wireless communication instruments and handheld electronic information

storage media, and associated charging devices and computers."  (*Id.* at 1-2 (citation

omitted)).  During the execution of these search warrants, several cellular telephones were

seized.  Additional search warrants were executed in June of 2020, leading to the seizure

of approximately 108 digital devices in total.  (*Id*. at 2).

The relevant search warrants provided that "[t]he computer or electronic media

search authorized by this warrant shall be completed within 60 days from the date of the

warrant unless, for good cause demonstrated, such date is extended by Order of this Court."

(*See, e.g., United States v. Gonzalez Rivera*, No. 6:20-cr-06101 (hereinafter "*Gonzalez-*

*Rivera*"), Dkt. 321-2 at 11).  However, the search warrants further make clear that this

---

[1]      The government filed its motion in the related criminal matter of *United States v.*
*Gonzalez-Rivera*, No.  6:20-cr-06101.   The charges against Defendant were initially
brought in that action but were subsequently severed.

provision does not "limit or prevent the government from retaining the computer or electronic media as fruits, contraband, or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the date contained therein." (*Id*.). The digital devices seized by the government were not forensically analyzed within the applicable 60-day deadline, in part because the DEA Digital Evidence Laboratories in Lorton, Virginia and New York City were short-staffed due to the COVID-19 pandemic. (*Gonzalez-Rivera*, Dkt. 321 at 4).

On February 7, 2021, the government filed a motion seeking an extension of time to May 8, 2021, to forensically analyze 26 of the seized cellular phones. (*Gonzalez-Rivera*, Dkt. 321). Defendant opposed the government's request. (*Gonzalez-Rivera*, Dkt. 328). Judge Pedersen took the matter under advisement on August 10, 2021 (*Gonzalez-Rivera*, Dkt. 528; *see also* Dkt. 22), and ultimately issued the September Decision granting the government's request for an extension (Dkt. 24).

Defendant filed the instant appeal on October 12, 2021. (Dkt. 28). The government filed its opposition papers on November 3, 2021. (Dkt. 30). On November 30, 2021, the Court entered an Order finding that it required additional time to consider Defendant's appeal and excluding the time from that date through January 31, 2022, from the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(7)(A). (Dkt. 32)[2].

---

[2]      The Court further found that the speedy trial clock was stopped pursuant to 18 U.S.C. § 3161(h)(1)(D) because it did not have all information necessary to resolve the motion in view of the fact that one of the defendants in *Gonzalez-Rivera* had sought and obtained an extension to December 10, 2021, to appeal the September Decision. (Dkt. 32 at 1-2). However, that defendant ultimately advised the Court that he was not going to appeal the September Decision. (*See Gonzalez-Rivera*, Dkt. 605).

III.   **DISCUSSION**

A.   **Standard of Review**

An appeal from a non-dispositive decision by a magistrate judge is reviewed under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); *see also United States v. Williams*, 339 F. Supp. 3d 129, 132 (W.D.N.Y. 2018).  This deferential standard of review applies even where a disputed discovery issue ultimately relates to a dispositive motion, such as a motion to suppress.  *See generally United States v. Pirk*, 282 F. Supp. 3d 585, 590 n.4 (W.D.N.Y. 2017).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)).  "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion."  *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations omitted); *see also S.E.C. v. Verdiramo*, 890 F. Supp. 2d 257, 266 (S.D.N.Y. 2011) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . ." (quotation omitted)).

B.   **The September Decision was not Clearly Erroneous or Contrary to Law**

Federal Rule of Criminal Procedure 41(e)(2)(A) permits a court to issue a warrant to search for and seize a person or property.  Such warrant "must command the officer to:

(1) execute the warrant within a specified time no longer than 14 days. . . ." Fed. R. Crim.
P. 41(e)(2)(A)(i).  Rule 41(e)(2)(B) clarifies that "[a] warrant under Rule 41(e)(2)(A) may
authorize the seizure of electronic storage media or the seizure or copying of electronically
stored information," that "[u]nless otherwise specified, the warrant authorizes a later
review of the media or information consistent with the warrant," and that "[t]he time for
executing the warrant in Rule 41(e)(2)(A) . . . refers to the seizure or on-site copying of the
media or information, and not to any later off-site copying or review." Fed. R. Crim. P.
41(e)(2)(B).

Consistent with Rule 41(e)(2)(B), the warrants in this case placed a 60-day
limitation on the later review of the seized electronic storage media.  The warrants further
provided that this deadline could be extended by order of the Court for good cause shown.
In the September Decision, Judge Pedersen found that good cause existed for an extension
of the deadline, in light of "the labs being understaffed because of the COVID-19
pandemic[.]" (Dkt. 24 at 6).  Judge Pedersen further noted that the data at issue was
voluminous and that the government had begun its review and had further identified only
26 of the 108 devices that it wished to forensically analyze. (*Id.*).

Defendant argues on appeal that Judge Pedersen erred in accepting the
government's representation that laboratory staffing issues caused the delay, and contends
that the government should have been required to provide additional information such as
"When did the government learn there was an issue analyzing all the devices?  How short-
staffed were the labs?  Were private labs ever contacted?  How many devices could have
been analyzed?" (Dkt. 27 at 4-5).

Applying the deferential standard of review discussed above, the Court finds that Judge Pedersen's good cause determination was not clearly erroneous or contrary to law. While it might have been helpful for the government to provide additional detail of the sort identified by Defendant, Judge Pedersen was within his discretion to conclude that he had sufficient information on which to make a determination. The Court notes that it was Judge Pedersen who issued the search warrants and included the good cause requirement in the first instance, and he was in the best position to determine whether such requirement was satisfied.

Separate from the good cause requirement imposed by the warrants themselves, courts in this Circuit have held that while Rule 41(e)(2)(B) does not "provide[] for a specific time limit in which a computer may undergo a government forensic examination after it has been seized pursuant to a search warrant," the Fourth Amendment nevertheless "requires the government to complete its review, *i.e.*, execute the warrant, within a 'reasonable' period of time." *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012) (citation omitted); *see also United States v. Alston*, No. 15 CR. 435 (CM), 2016 WL 2609521, at *3 (S.D.N.Y. Apr. 29, 2016) ("While Rule 41 prescribes no particular time period for data extraction . . ., the time needed to complete off-site copying or review is subject to the rule of reasonableness.").

In the September Decision, Judge Pedersen found that the approximately nine-month delay in this case did not violate the rule of reasonableness, for the same reasons that he found good cause for an extension. (*See* Dkt. 24 at 6-7). In particular, Judge Pedersen noted the voluminous amount of data, the government's efforts to narrow the

number of devices to be searched, and the laboratory staffing issues due to the pandemic. (*Id.*).

Again, the Court does not find Judge Pedersen's determination clearly erroneous or contrary to law.  As the Advisory Committee Notes to the 2009 Amendment to Rule 41 explain, "[a] substantial amount of time can be involved in the forensic imaging and review of information.  This is due to the sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of the computer labs."  Fed. R. Crim. P. 41(e)(2)(B), 2009 Advisory Committee Notes.  Accordingly, what constitutes an appropriate time period for forensic analysis must be considered on a case-by-case.  Here, Judge Pedersen was well within his discretion to conclude, based on the facts he identified, that a nine-month delay was not unreasonable.  *See, e.g., United States v. Sosa*, 379 F. Supp. 3d 217, 222 (S.D.N.Y. 2019) (finding that delays of 15 months and 10 months in searching cell phones were "within the bounds of reason" because "[w]hile the reasons for the delays here are not made explicit in the record, the most logical (and fairly obvious) explanation is one of resource allocation").

## IV.   CONCLUSION

For the foregoing reasons, Defendant's appeal of the September Decision (Dkt. 24) is denied.

The Court notes that the government initially requested until May 8, 2021, to forensically analyze the 26 cellular phones as to which the extension was sought. (*Gonzalez-Rivera*, Dkt. 321 at 5).  However, that date had passed by the time Judge Pedersen issued the September Decision.  The September Decision indicated that Judge

- 8 -

Pedersen granted the extension (Dkt. 24 at 7) but did not set a specific deadline for the forensic analysis to be completed.  The Court does believe, under the circumstances, that imposition of a set deadline for completion of the forensic analysis is appropriate.  The Court leaves it to Judge Pedersen to determine in the first instance what that deadline should be.

     SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   January 12, 2022
        Rochester, New York