UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

v.

EARNEST BAKER a/k/a Slay,

        Defendant.

**DECISION AND ORDER**

6:21-CR-06042 EAW

───────────────────────────────

On June 9, 2022, defendant Earnest Baker ("Defendant") was convicted by a jury of three of the six counts charged in the indictment returned on March 25, 2021, namely: a narcotics distribution conspiracy in violation of 21 U.S.C. § 846 spanning the time frame August 2019 through April 30, 2020, involving 40 grams or more of fentanyl and less than 500 grams of cocaine (count one); distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 related to a controlled buy on February 27, 2020 (count two); and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) related to a controlled buy on March 19, 2020 (count three). (Dkt. 1; Dkt. 128).[1] The indictment included a forfeiture allegation pursuant to 21 U.S.C. § 853(a)(1) and (2) seeking forfeiture of, among other property, the sum of $2,902 U.S. currency seized by law enforcement during execution of a search warrant at 20 Heidelberg Street, Rochester, New

───────────────────────────────

[1] The jury acquitted Defendant of the charges in counts four through six, related to claims of fentanyl, cocaine, and firearm possession at 33 Locust Street in Rochester, New York, on April 30, 2020. (Dkt. 128).

York ("20 Heidelberg"), on April 30, 2020, upon conviction of any of the controlled substance charges alleged in counts one through five. (Dkt. 1 at 4-5). The parties agreed to have the Court resolve the forfeiture allegations as opposed to submitting the issues to the jury for a determination. *See* Fed. R. Crim. P. 32.2(b)(5).

On September 12, 2022, the government filed a motion pursuant to Fed. R. Crim. P. 32.2(b)(1) for a Preliminary Order of Forfeiture with respect to the $2,902 U.S. currency. (Dkt. 151). On September 23, 2022, Defendant responded in opposition to the motion. (Dkt. 154). Neither party requested a hearing pursuant to Fed. R. Crim. P. 32.2(b)(1)(B).

The government bears the burden to prove "the propriety of forfeiture by a preponderance of the evidence." *United States v. Nicolo*, 597 F. Supp. 2d 342, 345 (W.D.N.Y. 2009); *see also United States v. Gaskin*, 364 F.3d 438, 461 (2d Cir. 2004) (criminal forfeiture is part of the sentencing process and, therefore, as with other aspects of sentencing, "the government need prove facts supporting forfeiture only by a preponderance of the evidence"). The government may meet this burden "based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Capoccia*, 503 F.3d 103, 109-10 (2d Cir. 2007) (forfeiture determination can be based both on evidence presented at forfeiture hearing and evidence already in the trial record). Furthermore, the traditional rules of evidence do not apply, and courts may consider hearsay and other inadmissible evidence so long as it is sufficiently reliable. *See* Fed. R. Evid. 1101(d)(3)

(providing that that Rules of Evidence are inapplicable in sentencing proceedings); *Nicolo*, 597 F. Supp. 2d at 345 ("Deciding a motion for a preliminary order of forfeiture is part of the sentencing process.  As such, the rules of evidence that must be followed in criminal trials do not apply to this proceeding.").

Here, the government contends that the U.S. currency seized from 20 Heidelberg is forfeitable pursuant to 21 U.S.C. § 853(a)(1), as proceeds obtained as a result of the criminal offenses for which Defendant was convicted, and pursuant to 21 U.S.C. § 853(a)(2), as property used to facilitate commission of the offenses.  In addition, the government relies on the following rebuttable presumption:

> There is a rebuttable presumption at trial that any property of a person convicted of a felony under this subchapter or subchapter II is subject to forfeiture under this section if the United States establishes by a preponderance of the evidence that—
>
> (1) such property was acquired by such person during the period of the violation of this subchapter or subchapter II or within a reasonable time after such period; and
>
> (2) there was no likely source for such property other than the violation of this subchapter or subchapter II.

21 U.S.C. § 853(d).

The Court easily concludes that the evidence at trial established by a preponderance of the evidence that the moneys recovered by law enforcement at 20 Heidelberg were proceeds of and related to Defendant's drug trafficking activities.  The evidence established that 20 Heidelberg was Defendant's residence.  The evidence also established that Defendant was

involved in a major drug trafficking conspiracy involving significant amounts of fentanyl during the time period that the funds were recovered from his residence, and in the months leading up to the seizure of the moneys, Defendant was involved in at least two controlled buys of narcotics with a confidential informant ("the CI") who testified at trial. On February 27, 2020, the CI purchased approximately 20 grams of fentanyl from Defendant's co-conspirator Phillip Flowers as arranged by Defendant, and on March 19, 2020, the CI purchased cocaine from Defendant. The evidence also established that between October 11, 2019, through March 20, 2020, Defendant earned approximately $7,085.71 from his employer LiDestri Food, Inc., where he earned an hourly rate of $12.50.

In opposition to the government's motion, Defendant attacks the conclusion that the moneys seized on April 30, 2020, were generated from the drug sales on February 27, 2020, and March 19, 2020. (Dkt. 154 at 2). However, the Court does not need to specifically conclude that the funds were the same ones advanced by law enforcement as part of the controlled buys. Defendant's drug trafficking was hardly limited to those two controlled buys, and even if not definitively linked to the two controlled buys, the evidence establishes that it is more likely than not that the moneys were proceeds from and related to Defendant's drug trafficking activities. The funds were found at Defendant's residence, during a time that he was intimately involved in a major drug trafficking conspiracy, and Defendant's wages from his employer could not reasonably explain this large amount of cash.

Similarly, pursuant to the rebuttable presumption set forth at § 853(d), the moneys were more likely than not acquired during the time period that Defendant was involved in the narcotics distribution conspiracy, and there is no other likely source for the funds other than Defendant's drug trafficking activities. Defendant's speculation as to other possible sources of the funds (*see* Dkt. 154 at 3) falls short of rebutting the presumption in favor of forfeiture.

Accordingly, the government's motion for a preliminary order of forfeiture (Dkt. 151) is granted. The government is directed to submit a proposed order to the Court.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: February 15, 2023
      Rochester, New York